FILED

James W. Fondren, Jr.
4136 Whispering Lane
Annandale, VA 22003
27 May 2014

2014 MAY 27  A 10: 45

The Honorable
District Judge Claude M. Hilton
401 Courthouse Square
Alexandria, VA 22314

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Re: 1:09-cr-00263

Dear Judge Hilton:

It has been 20 months since I filed my Memorandum of Law and Certificate of Petitioner pursuant to 28 U.S.C. § 2255. Article I, Section 9, Constitution of the U.S. states, **"The Privilege of the Writ of Habeas Corpus shall not be suspended…"** The Court's *de facto* suspension of my writ of *habeas corpus* proves the axiom, "Justice delayed is justice denied."

I don't mean to be offensive, but my espionage conviction is a monumental example of government overreach. Where is the outrage when the government abuses its grand jury authority?

- How can the government indict a person for communicating classified information when **it was labeled "for public release and not know** that it was "mostly public" information?"
- How can the government indict a person and **ignore Bush Executive Order 13292 classification requirements** required by the Classified Information Procedures Act?
- **Where is the outrage when there has been no disclosure of classified documents or closely held government information in my opinion papers pursuant to every legal precedent?**
- Where is the outrage when **the government acted in bad faith** by not honoring the classification decisions of the original classifier, and ignores Defense Department public policy prohibiting classified military activities with China?

**"No Bill of Attainder or ex post facto law shall be passed,"** according to Article I, Section 9, of the Constitution of the United States. Michael Rogers was not the original classifying official by his own admission. **JA356 (24-25) to JA357 (1-3)** Rogers' authority is restricted to derivative classification by Bush Executive Order, not "original classification authority."

- The Court stated during Rogers' testimony, **"Did he just classify defendant's opinion papers…You can show that those papers do not contain classified information."** JA362. My attorneys did not defend my opinion paper when the opportunity was presented by the Court. The Court's statement from the bench had a substantial, pejorative impact upon the jury resulting in a unanimous guilty verdict on Count Five.

1

- How could Rogers' classification of public information have met statutory language?  The statute requires that one must know that the information was "of a kind classified by the President." **<u>My information was publicly released by proper authority and EO 13292 prohibits Rogers from deriving a different classification from the original classifier</u>**.

   **One trial with two standards is patently unfair.** There was an unequal application of the law during the trial by two intelligence officers resulting in substantial harm to petitioner and a violation of due process under the 5th Amendment.

- During his Count 4 testimony, William Huntington, Deputy Director for Human Intelligence, Defense Intelligence Agency, testified that that every portion of a classified document must individually be marked with classification markings "*all the time*." JA340 (2-5) Huntington described in exacting detail that his classification determination was based on "Bush Executive Order 13292 and classification guides," and "derivative classification authority." JA330(23-24) JA337(6-7)

- **Huntington concluded that the information in my opinion paper was not classified. JA341 (6-24)** Below are the Principles and Application of Derivative Classification recorded during Huntington's testimony.

*Principle of Derivative Classification*

| **Huntington stated that derivative classification cannot be applied to information found in two different documents outside the context of the original classified document, ergo "mostly public" information. JA340 (16-24)** |
|---|

*Application of Derivative Classification*

| **Huntington testified that only communication of an originally classified document, not portions thereof, is automatically classified.  Note: Similarity of ideas cannot be derivative classification outside the specific context of the classified document and may be unclassified information.** |
|---|

- **Huntington complied with classification rules and guides authorized by the Bush Executive Order and Michael Rogers did not follow rules and guidelines** though both are senior intelligence officials.

- **I was found innocent on Count Four when classification rules and guides were followed and guilty of Count Five when EO 13292 and <u>CIPA standards were not followed</u>**.

- My attorneys provided constitutionally ineffective assistance

2

of counsel for failure to raise these issues knowing that Michael Huntington applied the Bush Executive Order and Intelligence Guides for classification standards, **not Rogers**.

**My injuries are substantial and permanent.**

The Hiss Act provides for pension forfeiture for federal employees, "if the Attorney General of the United States certifies to the agency administering the annuity or retired pay concerned[,] that an individual subject to this chapter has been convicted by an impartial court and that such conviction was obtained in accordance with procedures that provided the defendant due process rights." See 5 U.S.C. [subsections] 8312-8322 (1994); 5 U.S.C. [section] 8311 (1994); 38 U.S.C. [section] 6104 (1994). The Hiss Act applies to all current and former members of the armed services, and denies retirement benefits to federal employees--both civilian and military. The 1961 amendment limits the application of the forfeiture provisions to specified violations of the United States Code and the Uniform Code of Military Justice relating to national security, such as treason, espionage, or disclosure of classified information.

➤ I ask the Court's indulgence, but what person **knowing** that he had communicated classified information would turn down a plea bargain from the government and elect to go to trial as I did? Wouldn't the preferred choice be to take the offer and run? I stood my ground that I was actually innocent of knowingly communicating classified information and false statements.

**So what is preventing the Court from arriving at a determination on my habeas petition? The** Court should know by now 1) that I never communicated information from a classified government document; and, 2) that same information does not meet the definitions requirements of the *Classified Information Procedures Act*.

It is not my intent to offend the Court, but to reiterate that I am actually innocent and waiting upon the Court's review.

Request that you vacate the judgments against me in accordance with the Memorandum of Law and Certification of Petitioner pursuant to 28 U.S.C.

In the alternative, grant me a Certificate of Appealability for review by the Fourth Circuit Court of Appeals.

Very respectfully submitted,

*James W. Fondren, Jr.*
James Wilbur Fondren, Jr.

3